UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONALD SATISH EMRIT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONDOLEEZZA RICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:23-cv-00192 (UNA) |

## **MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, who lives in Sarasota, Florida, sues former U.S. Secretary of State, Condoleezza Rice, and current U.S. Secretary of State, Antony Blinken. The complaint is mostly incomprehensible, containing a hodgepodge of vague and unconnected allegations. Indeed, plaintiff repeatedly describes his own claims as "disjointed." He predominantly alleges that he was "racially profiled during the administration of George W. Bush" "as Arabic/Muslim when [he] is clearly an African-American related to Captain of [the] Battle of Gettysburg," and that his fiancée, who is Ukrainian, is entitled to a "visa or political asylum." The remainder of the complaint consists of *non-sequiturs* and anecdotes. He demands monetary damages and equitable relief under a litany of federal and international law, though he fails to make out a cognizable claim under any authority cited.

*Pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the

grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented—and as acknowledged by plaintiff himself—neither the court nor the defendants can reasonably be expected to identify his claims.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.


Date:  March 1, 2023                              _____/s/_____
                                                  RUDOLPH CONTRERAS
                                                  United States District Judge